

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-89,237-02

### EX PARTE DARRELL BOYD MITCHELL, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. W15-75208-I (A) IN THE CRIMINAL DISTRICT COURT NO. 2 FROM DALLAS COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of assault with family violence by impeding breath or circulation, and was sentenced to sixty years' imprisonment. The Fifth Court of Appeals affirmed his conviction. *Mitchell v. State*, No. 05-16-01152-CR (Tex. App. — Dallas July 18, 2017) (not designated for publication).

Applicant contends, among other things,[1] that his trial counsel rendered ineffective assistance

---

[1]This Court has reviewed Applicant's other claims and finds them to be without merit.

because counsel failed to make proper objections, failed to adequately consult with Applicant, failed to secure witnesses, medical records and video evidence, failed to discuss the State's evidence with Applicant, failed to independently investigate the facts and the State's witnesses and evidence, failed to present a defense of self-defense, failed to obtain the complainant's prior medical records, failed to consult with an expert in radiology, failed to present evidence of jail phone calls in which the complainant admitted to initiating the incident, failed to present evidence of the complainant's pattern of making assault complaints against people when she was angry, failed to impeach a State's witness with a history of prior convictions, and failed to challenge the indictment. Applicant also alleges that both trial and appellate counsel refused to provide Applicant with copies of his files when requested.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claims of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id*.

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient

performance prejudiced Applicant. The trial court shall also make findings as to whether Applicant requested copies of his files from trial and appellate counsel, and if so, whether such copies were provided to him. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: May 15, 2019
Do not publish